UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL WILLIAMSON,<br><br>　　　　Defendant. | NO. ED-CR-13-00021-JLQ<br><br>MEMORANDUM OPINION RE: SENTENCING |

　　　A sentencing hearing was held on August 26, 2013. Defendant Michael Williamson was present, in custody, and represented by Deputy Public Defender Kay Otani. Assistant United States Attorney Abigail Evans appeared on behalf of the Government. After hearing from counsel, and the Defendant, the court pronounced its Judgment and imposed sentence. This Memorandum memorializes and supplements the oral ruling of the court.

**I. Introduction**

　　　The Indictment charged that Defendant committed the offense of armed bank robbery when he took by force, violence, or intimidation the property of U.S. Bank on August 12, 2011. During this robbery, Defendant possessed an AK-47 assault rifle. No shots were fired during the robbery, and no one was injured. On June 7, 2013 the Defendant entered a plea of guilty to Count I of the Indictment charging him with armed bank robbery.

　　　a. The Arrest

　　　On December 22, 2011, after a positive DNA match on a surgical mask Defendant was wearing during the robbery, a SWAT team and Gang Unit executed arrest and search warrants at Defendant's residence where the Defendant was playing with his

ORDER - 1

grandchildren. There is absolutely no evidence in the police reports of the arrest that indicate any resistance by the Defendant.  Defendant was inexplicably seriously injured during the arrest, suffering a broken leg, ankle, three broken ribs, and a broken nose. Defendant was taken into state custody at that time, where he remained for approximately 15 months under state robbery charges for this offense.  Those charges were dismissed and he entered into federal custody on March 19, 2013.

## II. Discussion

Armed bank robbery is a serious offense.  The Guidelines offense level reflects the seriousness of the offense.  The court has accepted the Presentence Investigation Report calculations, and finds that the final offense level is 24, that Defendant's criminal history category is II, and the Guidelines range is 57 to 71 months.  Defendant has filed a Sentencing Memo (ECF No. 28) seeking downward departure/variance based on the length of his confinement in state custody and based on injuries he suffered during the arrest.  Further, Defendant has submitted several convincing sentencing letters from friends and family members and asks that the court take into account the history and characteristics of the Defendant under § 3553(a)(1).  The Government's Sentencing Memo (ECF No. 26) recommends a low-end Guideline sentence. At the sentencing hearing, the Government was given the opportunity to be heard on the court's proposed variance, and did not object.

### A. Pre-sentencing Conditions of Confinement

Defendant, at the time of sentencing, had been in custody for approximately 20-months. Fifteen months of that time had been in state custody.  He has spent time at the San Bernardino Central Detention Center and at the West Valley Detention Center in San Bernardino. (ECF No. 28, p. 2-3).  This was difficult time for Defendant.  He was recovering from the extensive injuries inflicted at the time of his arrest, had to undergo surgery, and was wheelchair bound for a time. (*Id.* at 2-4).  It is appropriate to consider pre-sentencing conditions of confinement as a basis for downward departure. See *U.S. v. Carty*, 264 F.3d 191, 196 (2001)("we hold today that pre-sentence confinement

conditions may in appropriate cases be a permissible basis for downward depatures."); see also *U.S. v. Austin*, 309 Fed.Appx. 573 (3rd Cir. 2009); *U.S. v. Roser*, 2013 WL 3014122 (6th Cir. 2013). Under certain circumstances, the extent of a departure based on pre-sentencing conditions of confinement can be significant. See for example *U.S. v. Pressley*, 345 F.3d 1205, 1219 (11th Cir. 2003)("These facts are extraordinary, both in the length of presentence confinement and in the conditions. We cannot say that they are insufficient, as a matter of law, to support the two and a half year downward departure that district court said it would consider appropriate if it had the power so to depart.").

In order that Defendant properly receive credit for the time served in state custody, and to take adequate account of the pre-sentencing conditions of confinement, the court has determined that a 15-month departure is appropriate, effectively reducing the Guideline range to 42 to 56 months.

**B. Injuries Inflicted by Law Enforcement at Time of Arrest**

The court is troubled by the serious injuries suffered by Defendant at the time of his arrest. The court has reviewed the police reports that have been submitted, and none of those reports reflect that Mr. Williamson assaulted the officers or attempted to resist arrest. Mr. Williamson's version of events is that he "was babysitting and playing with his granddaughters at the time of his arrest. He heard someone at the door and when he answered it he was struck and then beaten." (ECF No. 28, p. 2). Due to the extent of the beating, Mr. Williamson cannot recall certain details as to what transpired. (ECF No. 28, p. 3). The police reports are disturbingly vague, stating that when officers arrived to execute the warrants, "Williamson was found inside the home, however for medical reasons Williamson was transported to a local hospital."

Mr. Williamson suffered a broken nose, three broken ribs, a broken leg (oblique fracture of the distal fibula) and a broken ankle. According to the Sentencing Memo, these injuries necessitated surgery and the placement of "rods, pins and screws...into his tibia, fibula, and ankle." (ECF No. 28, p. 3-4). An individual should not suffer multiple broken bones during a typical arrest. The apparent use of force here without

ORDER - 3

explanation, is particularly disturbing given that Mr. Williamson was not armed, and there is no mention that he resisted arrest. The Presentence Investigation Report states that Defendant "was not resisting arrest" and was "taken down forcibly". The Government's Sentencing Memo states: "The police reports from the day of the arrest indicate that Williamson resisted officers' entry into his home, brandishing what turned out to be a plastic replica rifle." (ECF No. 26, p. 3). The court has not been furnished with the police reports that support this statement.

The Ninth Circuit has previously found that injuries inflicted by law enforcement can be appropriately considered in imposing sentence. In *U.S. v. Clough*, 360 F.3d 967 (9th Cir. 2004), the defendant, who was armed with a shotgun at the time of arrest, was shot by officers. He suffered a permanent loss of sensation in three fingers, and the district court determined it could not depart on the ground of his physical injury. The Circuit reversed and remanded for resentencing, stating: "We similarly recognize that it is theoretically possible that being shot by law enforcement personnel can constitute punishment, thus allowing a court to fashion a reduced sentence." *Id.* at 970.

Defendant's Sentencing Memo indicates that his injuries could be long-lasting, or permanent. He states that he had largely recovered after six months, but that he "suffers from residual pains and aches from his tibia, fibula, and ankle." (ECF No. 28, p. 4). USSG § 5H1.4 allows for the court to consider Defendant's physical condition and "an extraordinary physical impairment may be reason to depart downward." The court has determined that an additional 12-month deduction is appropriate for the injuries suffered by Defendant, thus making the effective low-end of the Guidelines 30-months. The Government did not object to this further reduction for Defendant's physical injuries.

### III. Conclusion

The court considered all of the 18 U.S.C. § 3553(a) factors. The court considered the history and characteristics of the Defendant, including the information provided in the sentencing letters. The court considered the need for appropriate punishment, as the offense committed was serious. The court also considered the need for adequate

ORDER - 4

deterrence. The court, as detailed *supra*, also considered the conditions of pre-sentence confinement, the injuries inflicted during the arrest, and concluded that a sentence of 30-months is sufficient, but not greater than necessary.

**IT IS SO ORDERED**.

The Clerk shall enter this Memorandum and furnish copies to counsel.

Dated this 29th day of August, 2013.

                s/ Justin L. Quackenbush
                JUSTIN L. QUACKENBUSH
        SENIOR UNITED STATES DISTRICT JUDGE

CC: USM
     US Probation
     US Pretrial
     BOP